**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SMART AUDIO TECHNOLOGIES, LLC,

Plaintiff,

v.

APPLE INC.,

Defendant.

C.A. No. 12-134-GMS

**JURY TRIAL DEMANDED**

**APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Dated: April 18, 2012

William J. Marsden, Jr. (No. 2247)
Susan M. Coletti (No. 4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Email: marsden@fr.com, coletti@fr.com
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Ruffin B. Cordell
1425 K Street, NW
11th Floor
Washington, DC 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331

Benjamin C. Elacqua
Michael R. Rueckheim
1 Houston Center
1221 McKinney Street
Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

*Attorneys for Defendant Apple Inc.*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

III.  SUMMARY OF THE ARGUMENT ................................................................. 2

IV.   STATEMENT OF FACTS ................................................................................. 2

V.    ARGUMENT ...................................................................................................... 5

      A.   Legal Standard for Transferring Venue ..................................................... 5

      B.   This Case Could Have Been Brought In the Northern District of California .............. 6

      C.   The Private Interest Factors Favor Transfer to the Northern District of California ..... 6

           1.   Smart Audio's Choice of Forum is Entitled to Only Minimal Deference .......... 7

           2.   The Operative Facts Occur Outside of Delaware ................................. 8

           3.   The Relevant Documents and Physical Evidence are in the Northern District of

                California ........................................................................... 9

           4.   Convenience to the Parties Favors Transfer ..................................... 10

           5.   The Northern District of California Is More Convenient for Non-Party

                Witnesses ......................................................................... 11

      D.   The Public Interest Factors Also Favor Transfer in This Case .................................. 12

           1.   The Businesses and Citizens of the Northern District of California     Have a

                Substantial Interest in the Resolution of this Case............................................. 13

           2.   The Northern District of California Can Provide an Equally     Expeditious

                Progression to Trial........................................................................... 14

           3.   The Northern District of California is Similarly Equipped to Render a     Valid

                and Enforceable Judgment in this Case ............................................................. 15

VI.   CONCLUSION................................................................................................... 15

# TABLE OF AUTHORITIES

CASES

*3Com Corp. v. D-Link Systems, Inc.*,
    C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003)……………….….. 7

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998)………………………………………………...11, 12

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
    C.A. No. 09-554, 2010 WL 3037478 (D. Del. 2010)……………………………………. 9

*Continental Grain Co. v. The Barge FBL-585*,
    364 U.S. 19 (1960)……………………………………………………………………...5

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.*,
    C.A. No. 02-1335-GMS, 2002 WL 31414136 (D. Del. Oct. 21, 2002)………………… 7

*Illumina, Inc. v. Complete Genomics, Inc.*,
    C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010)……………………… 10, 12

*In re Acer America Corp.*,
    626 F.3d 1252, 1256 (Fed. Cir. 2010)………………………………………………..8

*In re Genentech*,
    566 F.3d 1338 (Fed. Cir. 2009)………………………………………………………9, 14

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)………………………………………………..8, 13

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011)………………………………………………………7

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)……………………………………………………...13

*In re TS Tech USA Corp.*,
    551 F.3d 1315, 1320 (Fed. Cir. 2008)………………………………………………15

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed.Cir.2010)………………………………………………………..8

*Intellectual Ventures I LLC v. Altera Corp.*,
    --- F.Supp.2d ----, C.A. No. 10-1065, 2012 WL 297720 (D. Del. Jan. 24, 2012)…......8, 14, 15

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)……………………………………………………*passim*

*Lony v. E.I. DuPont de Nemours & Co.*,
  886 F.2d 628 (3d Cir.1989)…………………………………………………..7

*Mekiki Co., Ltd. v. Facebook, Inc.*,
  C.A. No. 09-745, 2010 WL 2348740 (D. Del. June 7, 2010)………….................7, 9, 10

*Qinetiq Ltd. v. Oclaro, Inc.*,
  C.A. No. 09-372, 2009 WL 5173705 (D. Del. Dec. 18, 2009)…………………………7, 9

*Pennwalt Corp. v. Purex Industries, Inc.*,
  659 F.Supp. 287 (D.Del.1986)…………………………………………………………7

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970)………………………………………….........................5

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
  676 F.Supp.2d 321 (D. Del. 2009)…………………………………………...12, 13

*Textron Innovations, Inc. v. The Toro Co.*,
  C.A. No. 05-486, 2005 WL 2620196 (D. Del. Oct. 14, 2005)………………………… 14

*Tradimpex Egypt Co. v. Biomune Co.*,
  --- F. Supp. 2d ---, C.A. No. 10-755, 2011 WL 1447553 (D. Del. Apr. 14, 2011)………..8

*TriStrata Tech., Inc. v. Emulgen Labs, Inc.*,
  537 F. Supp. 2d 635 (D. Del. 2008)……………………………………………...13

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)………………………………………………….........................5

*Wacoh Co. v. Kionix Inc.*,
  --- F.Supp.2d ----, C.A. No. 10-617, 2012 WL 70673 (D. Del., Jan. 9, 2012)…………..7

*White v. ABCO Eng'g Corp.*,
  199 F.3d 140 (3d Cir. 1999)……………………………………………………….5

**STATUTES**

28 U.S.C. § 1391(c)……………………………………………………………………………… 6

28 U.S.C. § 1400(b)……………………………………………………………………………… 6

28 U.S.C. § 1404(a)……………………………………………………………………… 1, 2, 5

**FEDERAL RULES**

Fed. R. Civ. P. 45(b)(2)(C)……………………………………………………………… 12

Fed. R. Civ. P. 45(c)(3)……………………………………………………………………..12

## I.      INTRODUCTION

On February 3, 2012, Plaintiff Smart Audio Technologies LLC ("Smart Audio") filed the present suit against Defendant Apple Inc. ("Apple").  Because neither the parties nor this case have any meaningful connection to the District of Delaware and because the center of gravity of this case is thousands of miles away in the Northern District of California, Apple respectfully submits this brief in support of its Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

Neither party conducts any operations or maintains facilities in Delaware.  Smart Audio is a Texas limited liability corporation with a principle place of business in Texas and no ties to the State of Delaware.  Apple is a California company with a principle place of business in California.  The great majority of witnesses, documents, and discoverable information for this patent case are located at or near Apple's Cupertino, California headquarters in the Northern District of California.  In contrast, Apple is unaware of any potential witnesses or discoverable information located in, or even near, the District of Delaware.  In short, the center of gravity of this action and the likely sources of proof in this case are concentrated in California.

Counsel for Smart Audio has been notified regarding the filing of Apple's Motion to Transfer Venue, but at the time of this filing, counsel has not consented to the transfer.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Smart Audio's Complaint, filed February 3 of this year, alleges that Apple infringes U.S. Patent No. 6,185,163 ("the "'163 Patent"), entitled "Vehicle audio system having random access player with play list control."  (D.I. 1).  Specially, the Complaint alleges that Apple's iPod nano product infringes at least one claim of the '163 patent.  (D.I. 1 at ¶ 8).  Apple filed its Answer to Smart Audio's complaint on March 29, 2012, denying infringement and setting forth various affirmative defenses including noninfringement and invalidity.  The Court has not yet set a scheduling conference in this case.

III.    **SUMMARY OF THE ARGUMENT**

Transfer under 28 U.S.C. § 1404(a) is appropriate where a case could have been filed in the proposed transferee forum and the balance of public and private interest factors favors transfer.  Because Apple is subject to personal jurisdiction in California, this case could have been filed there.  Further, both the public and private factors favor transfer from the District of Delaware, which has no connection to the present dispute, to the Northern District of California, where the center of gravity of this case lies.

The private interest factors favor transfer to the Northern District of California. Smart Audio's choice of forum should be entitled to little deference, as it chose to file suit in a forum with no apparent connection to the parties or the operative facts of the case.  None of the parties, the inventors, or any known witnesses have any legitimate connection to the District of Delaware.  By contrast, the design, development, and sales and marketing decisions related to the accused Apple product occurred within the Northern District of California.

The public interest factors also favor transfer to the Northern District of California. Unlike the District of Delaware, which has no local interest in resolving this dispute, the Northern District of California has a strong interest in deciding a controversy involving Apple, which has one of its largest U.S. facilities there.

IV.    **STATEMENT OF FACTS**

Apple is a California corporation with headquarters and principle place of business in Cupertino, California.  (D.I. 1 at ¶ 2; D.I. 7 at ¶ 2.)  In addition to thousands of full-time employees working in Apple's California headquarters, the Northern District of California is where Apple conducts its product design, development and marketing for Apple products, including the accused iPod nano.  (Decl. of Mark Buckley, ¶¶ 4, 6-11.)  Apple has a substantial physical presence in the Northern District of California, making that location much more

2

convenient for Apple's potential witnesses.  Moreover, the Northern District of California is the

location of the vast majority of, if not all of, the other discovery that Apple will be producing in

this matter.  (*Id.* at ¶ 6.)

All of the Apple employees who have information that is relevant to this case, including

the engineers responsible for the design and development of the iPod nano, as well as individuals

responsible for marketing and financial aspects of the iPod nano, are located in the Northern

District of California.  (*Id.* at ¶ 6-11.)  Conversely, Apple has no employees in Delaware

involved in the design, development or manufacture of Apple products, and no documents or

other information related to this matter are located in this district.  (*Id.* at ¶¶ 13-14.)

Smart Audio's Complaint contains general and geographically non-specific infringement

allegations.  Specifically, Smart Audio alleges that Apple has "infringed and continues to

infringe the '163 patent in the State of Delaware, in this judicial district, and elsewhere in the

United States, by . . . making, using, importing, offering for sale, and/or selling such products

and services that are covered by one or more claims of the '163 patent."  (D.I. 1 at ¶ 8.)

However, Smart Audio identifies no activities in its Complaint that are specific and/or unique to

Delaware.  The only Apple product Smart Audio specifically identifies in its Complaint – the

iPod nano – is offered nationally and internationally.  Further, other than selling products and

services to customers in Delaware, Apple has no other connections to the State.  Compared to the

more than fifty Apple retail stores located in California, Apple's only physical presence in the

state of Delaware is a single retail store located in the city of Newark.  (Decl. of Mark Buckley, ¶

13.)  Moreover, Apple's retail stores, and any associated employees and documents, are not

relevant to the issues in this case, primarily, whether the patent is infringed by Apple, whether

Smart Audio's patent is valid or not, and whether Smart Audio is entitled to damages for its alleged infringement.

Smart Audio is a Texas limited liability corporation having a principle place of business in Tyler, Texas.  (D.I. 1 at ¶ 1).  It does not appear to have any offices or transact any business in this District.  In fact, the representative of Smart Audio who executed the assignment of the '163 patent, Fiona Chaney, appears to be located in Los Angeles, California.  (Decl. of Susan Coletti, Ex. 1, 6.)[1]  Thus, to the extent that Smart Audio has any documents or witnesses relevant to this matter, they are likely located in either Texas or California.  As a non-practicing entity that does not provide any products or services related to the technology claimed by the '163 patent (or any other patent), the volume of Smart Audio's document production in this patent dispute is likely to be extremely limited.

The witnesses and evidence related to the '163 patent are also located outside of Delaware.  According to the face of the '163 Patent, the original assignee, Delco Electronics Corp., and the named inventors, Brian Lee Bickford, Amahl Kenneth Brown, Dan Darryl Carman, Edward Dickson Catlett, Gary Edward Goodwin, James Alan Kleiss, and Ronald Julius Szabo are all in Indiana.  (Ex. 2.)  Publicly available information indicates that at least Messrs. Bickford, Brown, Goodwin, and Szabo remain in Indiana.  (Ex. 3.)  Additionally, according to his registration with the U.S. Patent and Trademark Office, the attorney who prosecuted the patent, Jimmy L. Funke, appears to be located in Troy, Michigan.  (Ex. 4.)  Delphi Technologies, Inc., the company Smart Audio acquired the '163 patent from, is also located in Troy, Michigan. (Ex. 6.)

---

[1] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Susan M. Coletti in Support of Plaintiff's Motion to Transfer Venue to the Northern District of California.

Thus, there is no relevant evidence pertaining to either party's case located in Delaware, whereas much of the relevant evidence, including the entirety of information pertaining to the accused product, is located in the Northern District of California.

## V.    ARGUMENT

### A.    Legal Standard for Transferring Venue

Section 1404(a) provides that in cases such as this, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) is designed to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  In a motion to transfer pursuant to § 1404(a), the moving party bears the burden "to establish that a balancing of proper interests weigh in favor of the transfer."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Transfer is appropriate when, "on balance the litigation would more conveniently proceed and the interests of justice would be better served by transfer to a different forum."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  The threshold question in a § 1404(a) transfer analysis is whether the case could have been brought in the transferee venue.  *Shutte*, 431 F.2d at 24.  If the case could have been filed in the transferee district in the first instance, the district court next examines a number of public and private interest factors, including the convenience to the parties and witnesses and the interests of particular venues in hearing the case.  *Jumara*, 55 F.3d at 879; *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 143 (3d Cir. 1999).

In this Circuit, the private interest factors include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of

the parties; (5) the convenience of the expected witnesses; and (6) the location of books and records and if they could not be produced in a certain forum.  *Jumara*, 55 F.3d at 879.  The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations such as ease, speed or expense of trial; (3) administrative difficulty due to court congestion; (4) the local interest in deciding local controversies in the home forum; (5) the public policies of the two fora; and (6) the trial judge's familiarity with the applicable law.  *Id.* at 879-80.

### B.     This Case Could Have Been Brought In the Northern District of California

This case could have been brought in the Northern District of California in the first instance.  Pursuant to 28 U.S.C. § 1400, a patent infringement action may be brought in the district where the defendant resides.  28 U.S.C. § 1400(b).  For purposes of venue, a corporation is deemed to reside in any district where it is subject to personal jurisdiction at the time the suit is filed.  28 U.S.C. § 1391(c).  As such, venue is proper in a patent infringement case in any district where the defendant is subject to personal jurisdiction at the time of suit.  Apple's corporate headquarters are located in Cupertino, California, which is within the Northern District of California.  (Decl. of Mark Buckley, ¶ 4.)  Accordingly, Apple is subject to personal jurisdiction in that district, and this case could therefore have been brought in the Northern District of California.

### C.     The Private Interest Factors Favor Transfer to the Northern District of California

In considering a motion to transfer, a court must consider private convenience and fairness factors, including the parties' forum preference, whether the claim arose elsewhere, the convenience of the parties, and the location of expected witnesses and sources of proof.  *Jumara*, 55 F.3d at 879.  As will be more fully set forth below, the private interest factors in this case weigh in favor transfer.

      1.      **Smart Audio's Choice of Forum is Entitled to Only Minimal Deference**

Although in the Third Circuit, a plaintiff's choice of forum is typically entitled to substantial deference, *Jumara*, 55 F.3d at 879, Smart Audio's choice of forum is not entitled to substantial deference here. "The rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a home forum is inherently more convenient than a transferee forum." *Mekiki Co., Ltd. v. Facebook, Inc.*, C.A. No. 09-745, 2010 WL 2348740, at *3 (D. Del. June 7, 2010) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir.1989)). However, the plaintiff choice of forum is not entitled to substantial deference if the chosen forum is not the plaintiff's "home turf." *See Wacoh Co. v. Kionix Inc.*, --- F.Supp.2d ----, C.A. No. 10-617, 2012 WL 70673 (D. Del., Jan. 9, 2012); *Qinetiq Ltd. v. Oclaro, Inc.*, C.A. No. 09-372, 2009 WL 5173705, at *3 (D. Del. Dec. 18, 2009); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D.Del.1986).

Furthermore, where, as here, there is little connection between Delaware and the action or the parties, transfer to another jurisdiction is appropriate. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221. 1223-24 (Fed. Cir. 2011)); *see also 3Com Corp. v. D-Link Systems, Inc.*, C.A. No. 03–014-GMS, 2003 WL 1966438, at *1-2 (D. Del. Apr. 25, 2003) (granting motion to transfer to the Northern District of California where "the Northern District of California is not the plaintiff's choice of forum for the present action; however, it is an exceedingly more convenient and appropriate forum than Delaware"); *IKOS Systems, Inc. v. Cadence Design Systems, Inc.*, C.A. No. 02-1335-GMS, 2002 WL 31414136, at *1 (D. Del. Oct. 21, 2002) (finding that transfer to the Northern District of California was appropriate where, other than that Delaware was the state of incorporation of both parties, "there seems to be little connection between Delaware and this action or the parties.").

Moreover, to the extent Smart Audio has any "presence" in Delaware, it is solely an artifact of litigation. *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381-82 (Fed. Cir. 2010).

Here, Smart Audio's decision to litigate in the District of Delaware is entitled to little or no weight. Smart Audio's principle place of business is located in Texas. It is a Texas corporation with no employees, documents, or potential witnesses located in Delaware. Although Smart Audio's forum choice is relevant to transfer in this Circuit, the weight accorded its decision is lessened here due to the lack of any substantive connection between the forum and the underlying facts of the case.

Moreover, unlike in *3Com* and *IKOS*, where transfer was found to be appropriate despite the fact that at least one of the parties was a Delaware corporation, in this case ***neither Smart Audio nor Apple is a Delaware corporation*** and neither has a substantial connection to this forum. Thus, Smart Audio's decision to file this case in the District of Delaware should be entitled to little or no deference, and this factor supports transfer.

## 2.     The Operative Facts Occur Outside of Delaware

The location of the substantive operative facts relevant to this litigation is an important factor favoring transfer. *See Tradimpex Egypt Co. v. Biomune Co.*, --- F. Supp. 2d ---, C.A. No. 10-755, 2011 WL 1447553, at *4 (D. Del. Apr. 14, 2011). When a plaintiff claims that defendant's accused products are sold and offered for sale throughout the United States, the claims may be said to arise in every judicial district. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue"). However, "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Intellectual Ventures I LLC v. Altera Corp.*, --- F.Supp.2d ----, C.A. No. 10-1065, 2012 WL 297720, *14 (D. Del. Jan. 24, 2012) (citing *In re Hoffman-La Roche Inc.*, 587

F.3d 1333, 1338 (Fed. Cir. 2009); *see also Mekiki*, 2010 WL 2348740 at *3 (transferring patent

infringement case in part because the acts giving rise to the dispute—the development of

Facebook's services—occurred at Facebook's offices in California); *QinetiQ Ltd.*, 2009 WL

5173705 at *3 (transferring case "where none of the operative facts of the action occur in the

forum selected by the plaintiff").

Here, Apple's products, including the iPod nano, are sold nationally and worldwide.

However, the research, design, development, and testing of the iPod nano and related products

and services take place at Apple's headquarters in Cupertino, California.  (Decl. of Mark

Buckley, ¶¶ 4, 6.)  Moreover, the individuals that would have relevant information relating to the

design and development of the iPod nano are also located in Cupertino, CA.  (*Id.* at ¶¶7-8, 11.)

Additionally, sales, marketing and distribution decisions relating to Apple products, including

the iPod nano, are likewise principally made in California.  (*Id.* at 9-11.)  Thus, to the extent that

this factor favors litigation in any particular jurisdiction, it favors transfer to the Northern District

of California.

   **3.  The Relevant Documents and Physical Evidence are in the Northern District of California**

Because Apple researches, designs, develops and tests its products at its Cupertino,

California facilities, the vast majority of relevant evidence is located there.  "In patent

infringement cases, the bulk of relevant evidence usually comes from the accused infringer.

Consequently, the place where the Defendant's documents are kept weighs in favor of transfer to

that location."  *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotes omitted).

Delaware Courts have routinely transferred cases to jurisdictions where the bulk of relevant

documents and physical evidence is located, even in cases, unlike here, where the plaintiff is a

Delaware company with a legitimate reason to litigate in the State.  *See Angiodynamics, Inc. v.*

*Vascular Solutions, Inc.*, C.A. No. 09-554, 2010 WL 3037478, at *4 (D. Del. 2010) (transferring

case to the District of Minnesota because "[a]side from Plaintiff's incorporation, Delaware has a

limited connection to this litigation" and "most of the potential and identified witnesses, and

relevant records and evidence are located in Minnesota.").

In this case, the most important and voluminous collection of documents will be in

California, where the iPod nano was developed.  (Decl. of Mark Buckley, ¶ 6.)  In particular,

Apple's technical documents and source code relating to the design and development of the

accused iPod nano and its documents relating to the sales, marketing and distribution of these

products are generally located in Cupertino, California.  (*Id.*)  On the other hand, Apple is

unaware of any substantive documents that are potentially relevant to this case that are located in

the District of Delaware.  Undoubtedly, some documents and other physical evidence will have

to be transported to either possible venue from other geographic locations.  However, it is

indisputable that the Northern District of California is, at minimum, home to and closer to the

vast majority of sources of proof for this case.  This factor therefore weighs in favor of transfer.

### 4.    Convenience to the Parties Favors Transfer

Convenience to the parties also favors transfer in this case.  When the parties have strong

contacts with the transferee forum and minimal contacts with the transferor forum,

considerations of the convenience to the parties strongly favors transfer.  *See Illumina, Inc. v.*

*Complete Genomics, Inc.*, C.A. No. 10-649, 2010 WL 4818083, at *3 (D. Del. Nov. 9, 2010)

("Due to the parties' significant contacts with California, and minimal contacts with Delaware,

there is no question that California is a more convenient forum for the parties. Therefore, this

factor weighs strongly in favor of transferring this action to California."); *Mekiki*, 2010 WL

2348740 at *3 (transferring case where "travel for Plaintiff [is] inevitable whether the case

proceeds in Delaware or California" and where, for California-based defendant, "litigating in

Delaware will require substantial travel, expense, and inconvenience with little, if any, benefit to Plaintiff"); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) (weighing the convenience-of-the-parties factor in favor of transfer where all parties are financially capable of litigating in either forum, but where a transfer to the Northern District of California would "minimize the level of disruption caused by trial or other legal proceedings").

Smart Audio has no ties to the State of Delaware that makes litigating this case in the Northern District of California any more burdensome than litigating the case in the District of Delaware. Moreover, at least one employee of Smart Audio, Fiona Chaney, is located in Los Angeles, California. (Ex. 1.) Although Delaware provides no convenience benefit to Smart Audio over litigating in California, litigating this dispute in the Northern District of California is far more convenient for Apple because of its strong contacts with the Northern District of California, since that is the district where it is incorporated and maintains its principle place of business. Trial in Delaware will be far less convenient to Apple and its employees. All of Apple's potential technical and business witnesses with respect to the iPod nano, and any other potentially accused products for that matter, are located almost exclusively in Northern California. (Decl. of Mark Buckley, ¶¶ 6-11.) Given that Apple's witnesses are located on the West Coast, transfer would provide for far less inconvenience and disruption to Apple's witnesses than would litigation in the District of Delaware. The convenience of the parties thus weighs heavily in favor of transfer.

### 5. The Northern District of California Is More Convenient for Non-Party Witnesses

The convenience of third-party witnesses also favors transfer. "Probably the most important factor, and the factor most frequently mentioned in passing on a motion to transfer," is the convenience and availability of witnesses. *Affymetrix*, 28 F. Supp. 2d at 203 (quoting 15

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3581 (2d ed. 1986), at 415); *see also Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 332 (D. Del. 2009) (finding "[t]he fact that plaintiff has not identified a single material witness who resides in Delaware rather than California is telling and weighs in favor of transfer.").

Trial should be held at a place "where the personal attendance of witnesses through the use of subpoena power can be reasonably assured." *Affymetrix*, 28 F. Supp. 2d at 205 (internal quotes omitted). Courts have transferred cases where nonparty witnesses are not subject to the transferor court's subpoena power for trial, but would be available for trial under the subpoena power of the transferee court. *See Illumina*, 2010 WL 4818083 at *4 (transferring case in which non-party witnesses would be "within the subpoena power of the [transferee forum], but . . . outside the subpoena power of the Delaware District Court" and plaintiff "fail[ed] to identify any witnesses within the subpoena power of" Delaware).

There are former Apple employees with knowledge of the design and development of the iPod nano that are located in California. (Decl. of Mark Buckley, ¶ 12.) These witnesses will be subject to the subpoena power of the Northern District of California, regardless of where in California they reside. *See* Fed. R. Civ. P. 45(b)(2)(C), (c)(3). In contrast, Smart Audio does not have any possible or potential witnesses in, or even near Delaware and the non-party witnesses such as the former assignees and listed inventors are located in neither California nor Delaware. (Ex. 3.) Therefore, this factor also favors transfer.

### D.    The Public Interest Factors Also Favor Transfer in This Case

A court must also consider the interests of justice embodied in other public interest factors, including practical considerations such as the ease, speed or expense of trial, judicial

economy, the local interest in deciding local matters in the home forum, and administrative difficulty due to court congestion.  *Jumara*, 55 F.3d at 879-80.

Here, the public interest factors also favor transfer.  The Northern District of California has a local interest in deciding a controversy involving Apple, which is headquartered in that district.  Time to trial statistics in both jurisdictions are comparable, thus an expeditious trial schedule can be afforded in the Northern District of California.  Lastly, trial judges in the Northern District of California are equally familiar with the applicable federal laws governing patent infringement disputes and a judgment rendered by that court would be equally enforceable as a judgment rendered in the District of Delaware.

### 1.   The Businesses and Citizens of the Northern District of California Have a Substantial Interest in the Resolution of this Case

While the District of Delaware has no substantial localized interest in this dispute, California is home to Apple's headquarters and the principal location of the design, development, sales and marketing of the accused Apple product.  Generally, "patent issues do not give rise to a local controversy or implicate local interests." *TriStrata Tech., Inc. v. Emulgen Labs, Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008); *see also In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("If the products were sold throughout the United States … then the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue.").  However, "if there are significant connections between a particular venue and the events that gave rise to the suit, this factor should be weighed in the venue's favor." *Hoffman-La Roche*, 587 F.3d at 1338.  When neither party is located in the transferor forum while maintaining a presence in the transferee forum, the local interest of the transferee forum favors transfer.  *See Teleconference Sys.*, 676 F. Supp. 2d at 335 (finding the

transferee forum has a local interest in deciding the dispute because some of the parties are located in California).

Here, the mere sale of accused products in Delaware is irrelevant to the transfer analysis because Apple's products are sold throughout the United States.  The only interest Delaware has in this litigation is that customers in this State, like customers in every state, purchase Apple products.  Conversely, the Northern District of California has a substantial interest in litigating the present dispute.  Apple is one of California's largest and most prominent companies with its corporate headquarters and thousands of employees located at its Cupertino, California campus.  (Decl. of Mark Buckley, ¶ 4.)  Thus, this factor favors transfer to the Northern District of California, as the only district possessing a substantial interest in the resolution of this case.

## 2. The Northern District of California Can Provide an Equally Expeditious Progression to Trial

In determining whether to transfer, a court may consider the speed in which a case will come to trial and be resolved.  *See Genentech*, 566 F.3d at 1345; *Jumara*, 55 F.3d at 879.  Ultimately, Delaware courts have not found the disparity in court congestion to sway the analysis strongly one way or the other.  *See Textron Innovations, Inc. v. The Toro Co.*, C.A. No. 05-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer.").

According to the Administrative Office of the United States Courts, the average times to disposition and to trial have been similar in the Northern District of California and the District of Delaware in recent years.  (Ex. 5.)  The statistics objectively indicate that time to trial and time to disposition is slightly faster in the Northern District of California.  However, the District of Delaware, "for the first time in nearly five years – no longer has a judicial vacancy." *Intellectual*

*Ventures*, 2012 WL 297720 at *12.  This factor, therefore, is largely neutral to transfer.  The

Northern District of California, like the District of Delaware, has a demonstrated history of

efficiently processing cases to trial.  Thus, neither Smart Audio, nor the Northern District of

California will be prejudiced by administrative considerations if the case is transferred.

### 3.   The Northern District of California is Similarly Equipped to Render a Valid and Enforceable Judgment in this Case

"Patent claims are governed by federal law, and as such both [courts are] capable of

applying patent law to infringement claims.  *Intellectual Ventures*, 2012 WL 297720 at *13

(citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008)) (modification in

original).  Both the District of Delaware and the Northern District of California are especially

familiar with the federal laws governing patent infringement disputes and a judgment of either

court would be equally enforceable.  Thus, the remaining two public interest factors, the trial

judge's familiarity with the applicable law and the enforceability of the judgment also do not

counsel against transfer.

## VI.   CONCLUSION

This case should be transferred to the Northern District of California.  Smart Audio's

case against Apple bears no connection to the District of Delaware.  By contrast, Apple's

products and services, including the specifically accused iPod nano product, are generally

developed in the Northern District of California.  Further, the core set of relevant documents and

potential witnesses are located in or near the Northern District of California.  In addition, the

public interest factors, including the Northern District if California's interest in deciding matters

concerning one of its local businesses and the relative economy of litigating in the Northern

District of California further counsel for transfer.

Therefore, Apple respectfully requests that this Court transfer the present case to the

Northern District of California.


Dated: April 18, 2012                      FISH & RICHARDSON P.C.

                                           By: */s/ Susan M. Coletti*
                                                   William J. Marsden, Jr. (No. 2247)
                                                   Susan M. Coletti (No. 4690)
                                                   222 Delaware Avenue, 17th Floor
                                                   P.O. Box 1114
                                                   Wilmington, DE 19899-1114
                                                   Email: marsden@fr.com, coletti@fr.com
                                                   Telephone: (302) 652-5070
                                                   Facsimile:  (302) 652-0607

                                                   Ruffin B. Cordell
                                                   1425 K Street, NW
                                                   11th Floor
                                                   Washington, DC 20005
                                                   Telephone: 202-783-5070
                                                   Facsimile: 202-783-2331

                                                   Benjamin C. Elacqua
                                                   Michael R. Rueckheim
                                                   1 Houston Center
                                                   1221 McKinney Street
                                                   Suite 2800
                                                   Houston, TX 77010
                                                   Telephone: 713-654-5300
                                                   Facsimile: 713-652-0109

                                                   *Attorneys for Defendant Apple Inc.*