## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

SMART AUDIO TECHNOLOGIES, LLC,

    Plaintiff,

        v.

APPLE, INC.,

    Defendant.

Civil Action No. 12-cv-00134-GMS

**JURY TRIAL DEMANDED**

## PLAINTIFF SMART AUDIO TECHNOLOGIES, LLC'S ANSWERING BRIEF IN OPPOSITION TO APPLE, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 – *telephone*
(302) 777-0301 – *facsimile*
bfarnan@farnanlaw.com

Steven M. Geiszler
Jaspal S. Hare
SNR Denton US LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214) 259-0900 – *telephone*
(214) 259-0910 – *facsimile*
steven.geiszler@snrdenton.com
jaspal.hare@snrdenton.com

**ATTORNEYS FOR PLAINTIFF**

Date: May 16, 2012

## TABLE OF CONTENTS

I.   NATURE OF THE PROCEEDINGS ...................................................................... 1

II.  SUMMARY OF THE ARGUMENT ...................................................................... 1

III. STATEMENT OF FACTS ................................................................................... 2

IV.  ARGUMENT ..................................................................................................... 3

  A.  Legal Standards for Transferring Venue ..................................................... 3

  B.  Apple Has Failed to Establish that the Private Interest Factors Weigh Strongly in Favor of Transfer ................................................................................................. 5

    1.  Smart Audio's Choice of Forum .......................................................... 5

    2.  Apple's Preferred Forum ...................................................................... 7

    3.  Where the Claims Arose ....................................................................... 7

    4.  Convenience of the Parties ................................................................... 8

    5.  Convenience of the Witnesses ............................................................ 10

    6.  The Location of Books and Records ................................................... 12

  C.  The Public Interest Factors Strongly Weigh Against Transfer ...................... 13

    1.  Enforceability of the Judgment .......................................................... 13

    2.  Practical Considerations ..................................................................... 13

    3.  Court Congestion ................................................................................ 14

    4.  Local Interest in the Controversy ....................................................... 15

    5.  Public Policies of the Fora .................................................................. 16

    6.  The Court's Familiarity of Relevant State Law In Diversity Cases ............ 16

V.   CONCLUSION ................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*,
   No. 10-1127, 2011 WL 864911 (D. Del. Mar. 9, 2011).......................................7, 12

*Apple, Inc., v. High Tech Computer Corp.*,
   Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446 (D. Del. Jan. 14, 2011) ........................10

*Carl Zeiss Meditec, Inc. v. Optovue, Inc.*,
   No. 10-084-GMS, 2011 WL 1419714 (D. Del. Apr. 13, 2011) ................................................11

*Carl Zeiss Meditec, Inc. v. Xoft, Inc.*,
   No. 10-308-CPS-MPT, 2010 WL 4024603 (D. Del. Oct. 13, 2010)....................................5, 12

*Carl Zeiss Meditec, Inc. v. Xoft, Inc.*,
   No. 10-308-LPS-MPT, 2011 WL 1212235 (D. Del. Mar. 30, 2011) ........................................4

*Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*,
   No. 09-920, 2009 WL 3055300 (W.D. Pa. Sept. 21, 2009) ...................................................7

*Cellectis, S.A. v. Precision Biosciences, Inc.*,
   --- F.Supp.2d ---, No. 11-173-SLR, 2012 WL 1556489 (D. Del. May 3, 2012).........5, 6, 8, 15

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
   No.-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ..............................................6, 12

*Everglades Interactive, LLC v. Playdom, Inc.*,
   No. 10-902-SLR, 2011 WL 2294075 (D. Del. June 8, 2011)........................................6, 11, 13

*In re ML-Lee Acquisition Fund II, L.P.*,
   816 F. Supp. 973 (D. Del. 1993).......................................................................................6

*In re TCW/Camil Holding L.L.C.*,
   Nos. 03-10717, 03-53929 , 03-1154-SLR, 2004 WL 1043193 (D. Del. Apr. 30, 2004) ..........9

*In re Volkswagen of America, Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ...............................................................................5, 13, 14

*Intel Corp. v. Broadcom Corp.*,
   167 F.Supp.2d 692 (D. Del. 2001).......................................................................................9

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ......................................................................................passim

*Magsil Corp. v. Seagate Technology*,
    No. 08-940, 2009 WL 1259043 (D. Del. Apr. 30, 2009) ........................................................16

*NETGEAR, Inc. v. Ruckus Wireless, Inc.*,
    No. 10-999-SLR, 2011 WL 3236043 (D. Del. July 28, 2011) ................................................13

*Pennwalt Corp. v. Purex Indus., Inc.*,
    659 F. Supp. 287 (D. Del. 1986)..............................................................................................6

*Personalized User Model LLP v. Google, Inc.*,
    No. 09-525-JJF, 2009 WL 3460767 (D. Del. Oct. 27, 2009) ................................................16

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (U.S. 1981) ........................................................................................................5

*Robocast, Inc. v. Apple, Inc.*,
    Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010 (D. Del. Feb. 24, 2012) ..............passim

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970) ...............................................................................................3, 4, 5

*Simms v. Thomson Reuters Tax and Accounting, Inc.*,
    No. 10-904-LPS, 2011 WL 4501225 (D. Del. Sept. 28, 2011) ................................................6

*Tessera, Inc., v. Sony Electronics Inc.*,
    No. 10/838 (RMB)(KW), 2012 WL 1107706 (D. Del. Mar. 30, 2012) ..........................passim

*Textron Innovations, Inc. v. The Toro Co.*,
    No. 05-486, 2005 WL 2620196 (D. Del. Oct. 14, 2005)........................................................15

## I.     NATURE OF THE PROCEEDINGS

Smart Audio Technologies, LLC ("Smart Audio") initiated this patent infringement action against Apple, Inc. ("Apple") on February 3, 2012.  Smart Audio alleges that one or more products manufactured and sold by Apple, including Apple's iPod nano, infringe United States Patent No. 6,185,163 entitled "Vehicle Audio System Having Random Access Player With Play List Control" ("the '163 Patent").  Apple filed its Answer to Smart Audio's complaint on March 29, 2012.  On April 19, 2012, Apple filed its Motion to Transfer Venue to the Northern District of California and its Opening Brief in Support of its Motion to Transfer Venue to the Northern District of California (together the "Motion to Transfer").  The Court has not set a scheduling conference in this case.

## II.     SUMMARY OF THE ARGUMENT

The Court should deny Apple's Motion to Transfer because the public and private interest factors that the Third Circuit applies in evaluating motions to transfer strongly weigh in favor of keeping this case in Delaware.  The two paramount considerations in any transfer analysis—the plaintiff's choice of forum and the existence of multiple lawsuits involving the same issues—both weigh strongly in favor of keeping this lawsuit in Delaware.  Plaintiff Smart Audio chose to litigate this case in Delaware and, in fact, has multiple related lawsuits currently pending before the Court that involve infringement of the same patent-in-suit by devices similar to the Apple products at issue in this case.  The Defendants in these other suits include a Delaware corporation and a Delaware limited liability company.

In addition to these paramount factors, the convenience of the witnesses and the convenience of the parties, particularly in light of Apple's significant financial size and strength, strongly weigh against transfer.  Most of the remaining public and private interest factors also

weigh against transfer or are, at best, neutral as to transfer. Apple cannot carry its burden of demonstrating that the balance of factors in this case strongly favor transfer and, as such, Apple's Motion to Transfer should be denied.

### III.    STATEMENT OF FACTS

Smart Audio, a small patent-holding company, is the owner by assignment of the '163 Patent. (D.I. 1 at ¶7). In this lawsuit, Smart Audio alleges that Apple products, including the iPod nano, infringe the '163 Patent. (D.I. 1 at ¶¶ 8-10). In addition to this lawsuit, Smart Audio filed five other cases in this District involving the '163 Patent, four of which are ongoing.[1] In the lawsuits currently pending, Smart Audio claims that consumer electronic devices, such as the iPod nano, infringe the '163 Patent. (Decl. of Brian E. Farnan, ¶¶ 10-14; Decl. of Brian E. Farnan, Exhibits 2-5). As such, all four cases involve similar allegations of infringement and will involve similar, if not identical, issues relating to claim construction of the '163 Patent. LG Electronics U.S.A., Inc., a defendant in one of the other lawsuits involving the '163 Patent, is a Delaware corporation. (Decl. of Brian E. Farnan, ¶¶ 10-11; Decl. of Brian E. Farnan, Ex. 6). Samsung Telecommunications America, LLC, also a defendant in one of the other lawsuits involving the '163 Patent, is a Delaware limited liability company. (Decl. of Brian E. Farnan, ¶¶ 12-13; Decl. of Brian E. Farnan, Ex. 6). Neither the '163 Patent, nor any of the issues involved in the other four cases, is being litigated in any other forum. (Decl. of Brian E. Farnan, Ex. 9).

The '163 Patent lists seven inventors, most of whom reside in Indiana, which is significantly closer to this District than the Northern District of California. (Decl. of Brian E. Farnan, Ex. 7; Decl. of Brian E. Farnan, ¶ 9). Similarly, the attorney who prosecuted the '163

---

[1] *See Smart Audio Techs., LLC v. Creative Tech. Ltd*, No. 1:12-cv-00135-GMS; *Smart Audio Techs., LLC v. HTC Corp.*, No. 1:12-cv-00221-UNA; *Smart Audio Techs., LLC v. LG Elecs. Inc.*, No. 1:12-cv-00222-UNA; *Smart Audio Techs., LLC v. Samsung Elecs. Co. Ltd.*, No. 1:12-cv-00572-UNA; *Smart Audio Techs., LLC v. Koninklijke Philips Elecs. N.V.*, No. 1:12-cv-00136-GMS (closed on April 16, 2012).

Patent, Jimmy L. Funke, resides in Rochester, Michigan, which is significantly closer to this District than the Northern District of California. (Decl. of Brian E. Farnan, Ex. 8). Should it be necessary for Mr. Funke or the inventors to attend trial, Delaware would be a more convenient forum for them. (Decl. of Brian E. Farnan, Exhibits 7-8).

Smart Audio is a very small company that had no revenue or net income in 2011. (Decl. of Brian E. Farnan, Ex. 9). Apple, by contrast, is a multinational company with a global presence. Apple operates more than 240 retail stores throughout the United States, including Delaware. As of September 24, 2011, Apple had approximately 60,400 full-time equivalent employees and an additional 2,900 full-time equivalent temporary employees and contractors. (Decl. of Brian E. Farnan, Ex. 1, p. 9). For the year ended September 24, 2011, Apple had net sales of $108.249 billion and net income of $25.922 billion. (Decl. of Brian E. Farnan, Ex. 1, p. 43). The iPod nano, the device at issue in this lawsuit, is either sold or offered for sale by Apple in states nationwide, including Delaware. Finally, Apple, itself, has filed two patent-infringement cases in this District within the past four years.[2]

## IV.    ARGUMENT

### A.    Legal Standards for Transferring Venue

"It is black letter law that a plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and that choice [of forum] should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations and internal quotations omitted). Thus, while a court has broad discretion to consider a transfer, that discretion should not be "liberally" exercised. *Id.* Instead, "[t]he burden is on the moving party to establish that a balancing of the proper interests weigh in favor of the transfer." *Id.* Given the

---

[2] *Apple, Inc. v. High Tech Computer Corp.*, No. 1:10-cv-00167-GMS; *Apple, Inc. v. Atico Int'l USA, Inc.*, No. 1:08-cv-00283-GMS.

strong presumption in favor of Smart Audio's choice of forum, this burden is particularly heavy: "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Id.* (citations and internal quotations omitted).

Although the Third Circuit has emphasized that "there is no definitive formula or list of the factors to consider" when considering a motion to transfer, it has identified several private and public interests that courts may consider in determining whether to disturb a plaintiff's choice of forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Specifically, the private interests include:  (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that they cannot be produced in the alternative forum. *Id.* The public interests include:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker or less expensive; (3) the relative administrative difficulty in the two fora as a result of court congestion; (4) the local interest in the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

Guided by these factors, the Court should consider whether Apple, as the moving party, has demonstrated that the balance of these interests strongly favors a transfer. If "the scales are evenly balanced or only slightly tipped in favor of transfer" then Apple "has not met its heavy burden." *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-LPS-MPT, 2011 WL 1212235 at *2 (D. Del. Mar. 30, 2011).  In the instant case, Apple cannot establish that the *Jumara* private and public interest factors strongly favor a transfer to the Northern District of California. In fact, the

two paramount factors in any transfer analysis, the plaintiff's choice of forum, *Shutte*, 431 F.2d at 25, and the existence of multiple lawsuits involving the same issues, *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009), both strongly weigh in favor of keeping this lawsuit in Delaware.  As such, Apple's Motion to Transfer should be denied.

**B.**   **Apple Has Failed to Establish that the Private Interest Factors Weigh Strongly in Favor of Transfer**

  **1.**   **Smart Audio's Choice of Forum**

The plaintiff's choice of forum is a factor to be weighed heavily in a section 1404(a) analysis, *Tessera, Inc., v. Sony Electronics Inc.*, No. 10/838 (RMB)(KW), 2012 WL 1107706, at *3 (D. Del. Mar. 30, 2012), and the plaintiff's choice of forum "should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (U.S. 1981).  As the Third Circuit has stated, a plaintiff's choice of forum is a "paramount consideration." *See Shutte*, 431 F.2d at 25.  Even in instances where the plaintiff is a foreign corporation, this Court has declined to disregard the privilege of choosing a venue that has historically been accorded to a plaintiff.  *See Cellectis, S.A. v. Precision Biosciences, Inc.*, --- F.Supp.2d ---, No. 11-173-SLR, 2012 WL 1556489, at *5 (D. Del. May 3, 2012).

Apple contends that Smart Audio's choice of forum is entitled to minimal deference because Delaware is not Smart Audio's home turf and Delaware has little connection to this lawsuit.  However, the Third Circuit has held that a plaintiff's choice of forum "is a paramount consideration in any determination of a transfer request." *Shutte*, 431 F.2d at 25.  Moreover, this Court has recognized that the plaintiff's choice of forum is still given "paramount consideration even where the chosen forum is not the plaintiff's 'home turf' or location of the alleged wrongful conduct." *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-CPS-MPT, 2010 WL 4024603, at *2 (D. Del. Oct. 13, 2010) (*adopted in full by Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, 2011 WL

1212235 (D. Del. Mar. 30, 2011), *mandamus denied, In re Xoft, Inc.*, 435 Fed. Appx. 948 (Fed. Cir. Aug. 17, 2011)); *see Intellectual Ventures I LLC v. Altera Corp.*, --- F.Supp.2d ---, 2012 WL 297720, at *7 (D. Del. Jan. 24, 2012) (noting that the plaintiff's choice of Delaware as its preferred forum - having a legitimate and rational basis - was entitled to deference); *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (noting that even if plaintiff has not selected its home turf, "the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer"). The "home turf" rule is, in fact, part of the balancing of the convenience factors that takes place after affording the plaintiff's choice of forum the paramount consideration it is due. When conducting its transfer analysis, the court considers whether the chosen forum is also inconvenient to the plaintiff when compared with the plaintiff's "home turf." *See Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289-90 (D. Del. 1986). The burden even when a plaintiff has not selected its home turf as the forum, remains at all times on the defendant to show that the balance of the convenience and interests of justice weigh strongly in favor of transfer. *Everglades Interactive, LLC v. Playdom, Inc.*, No. 10-902-SLR, 2011 WL 2294075, at *2 (D. Del. June 8, 2011).

Moreover, even without paramount consideration, this Court still affords the plaintiff's choice of forum substantial deference so long as the plaintiff selected the forum for rational, legitimate reasons. *Simms v. Thomson Reuters Tax and Accounting, Inc.*, No. 10-904-LPS, 2011 WL 4501225, at *3 (D. Del. Sept. 28, 2011); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, No.-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001). A strategic decision to litigate outside of a defendant's home turf to avoid any attendant advantages a defendant might gain can constitute a rational and legitimate reason for litigating in another forum. *See*

*Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*, No. 10-1127, 2011 WL 864911, at *3 (D. Del. Mar. 9, 2011).

In the instant case, Delaware is convenient to Smart Audio because it is already litigating four other cases in this District involving the same patent and the same issues.   (Decl. of Brian E. Farnan, ¶¶ 10-14; Decl. of Brian E. Farnan, Exhibits 2-5).  As such, the inconvenience of splintering off this action and moving it to California far surpasses any inconvenience to Apple. Additionally, Smart Audio chose to litigate in Delaware for rational and legitimate reasons. Indeed, Apple itself has chosen to file patent suits in this District in just the past few years.  *See, supra*, n.2.  At a minimum, Smart Audio wishes to avoid any advantages Apple may have when litigating in the Northern District of California.  Accordingly, Smart Audio's choice of forum strongly weighs against transfer.

### 2.    Apple's Preferred Forum

Under Third Circuit law, the defendant's preferred forum is not given the same weight as the plaintiff's preference.  *Tessera, Inc.*, 2012 WL 1107706, at *4; *Intellectual Ventures*, 2012 WL 297720, at *8.  As stated above, Smart Audio has rational and legitimate reasons for choosing Delaware as the forum for this lawsuit.  Accordingly, Apple's preferred choice of forum is entitled to little weight and only slightly favors transfer.

### 3.    Where the Claims Arose

In the context of patent infringement cases, claims arise where the infringement occurs. *See Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-920, 2009 WL 3055300, at *2-3 (W.D. Pa. Sept. 21, 2009).  This can include both the place where the accused products were made, as well as where they were either sold or offered for sale.  *See Robocast, Inc. v. Apple, Inc.*, Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010, at *2 (D. Del. Feb. 24, 2012)

(citations omitted).  In fact, as this Court previously stated when considering another motion to transfer filed by Apple:

> Although the defendant has argued in its briefing that the claim did not arise in Delaware, and that the Apple products that are alleged to infringe were designed, developed and marketed in the Northern District of California, I think the claim that is relevant here is the plaintiff's claim that Apple's products, which are sold and offered for sale all over the United States, including Delaware, infringed its patents.  Thus, I think the claims arise in every judicial district.  Consequently, this factor has no weight in the balancing.

*Robocast, Inc.*, 2012 WL 628010, at *2 (citations omitted).  As such, this factor is given little weight.  *Id.*

Apple mistakenly argues that this factor favors transfer because Smart Audio's claims can be said to have arisen in every judicial district and because the operative facts relative to this litigation occurred outside of Delaware.  Because Apple sells the iPod nano nationwide, (D.I. 13, ¶ 13), Apple's infringement occurred in every judicial district, including this District.  *See Cellectis*, 2012 WL 1556489, at *5 ["If Precision offers to sell or sells any of its allegedly infringing products in Delaware (and there is no indication of record to the contrary), the patent claims at issue can be said to have arisen in Delaware."].  Contrary to what Apple asserts, this factor weighs against transfer or, at best, has no weight.  *See id.; see also, Robocast, Inc.,* 2012 WL 628010, at *2.

### 4.   Convenience of the Parties

Under *Jumara*, the "convenience of the parties" factor has nothing to do with the convenience of the parties' attorneys and is not even assessed according to the parties' locations or their principal places of business.  Rather, the "convenience of the parties" is considered in the context of "their relative physical and financial condition." *Jumara*, 55 F.3d 879.  Accordingly, a defendant seeking transfer must do more than merely show that another forum is more convenient; instead, it is a defendant's responsibility to prove that litigating in the plaintiff's

forum "would pose a **unique** or **unusual** burden on its operations." *See In re TCW/Camil Holding L.L.C.*, Nos. 03-10717, 03-53929, 03-1154-SLR, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004) (emphasis added; citations omitted). As this Court stated when it denied a motion to transfer in *Intel Corp. v. Broadcom Corp.*:

> [Defendant] is a multi-billion dollar company that does business on an international scale. Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses. Therefore, to meet its burden [defendant] must 'establish that litigating this case in Delaware will pose a 'unique or unusual burden' on [its] business operations.' (citations omitted). It has not done so.

*Intel Corp. v. Broadcom Corp.,* 167 F.Supp.2d 692, 706 (D. Del. 2001) (citations omitted). In terms of convenience to a plaintiff, "the best indicator of a plaintiff's own convenience is the plaintiff's own choice of forum." *Tessera, Inc.*, 2012 WL 1107706, at *4.

Delaware is clearly a convenient forum for Smart Audio as Smart Audio chose this forum to litigate this case. *See Tessera, Inc.*, 2012 WL 1107706, at *4 (holding that the Plaintiff's decision to litigate in Delaware signaled its belief that litigation there was most convenient for it). Apple's arguments that litigating in Delaware is inconvenient are unpersuasive given Apple's physical and financial condition. Apple is a global powerhouse with more than 60,400 full-time equivalent employees and an additional 2,900 full-time equivalent temporary employees as of September 24, 2011. (Decl. of Brian E. Farnan, Ex. 1, p. 9). Additionally, for the year ended September 24, 2011 Apple had net sales of $108.249 billion and net income of $25.922 billion. (Decl. of Brian E. Farnan, Ex. 1, p. 43). Smart Audio, on the other hand, is a small company that has no employees and had no revenue in 2011. (Decl. of Brian E. Farnan, Ex. 9). When this Court denied a Motion to Transfer Venue filed by Apple against a company that, similar to Smart Audio, was significantly smaller than Apple, the Court stated:

> Apple is omnipresent in everyday life. It is a large and powerful corporation. Robocast consists of its President and two employees. Its founder was at the oral argument on the present motion. Its financial condition pales in comparison to that of Apple. Ten years ago, it had twenty-two employees. While Robocast's primary enterprise today may be litigation, there is little reason to believe that its pockets are deep. "We could not even afford to file this lawsuit, except on a contingency basis." There is no reason to doubt that if this litigation turns into a war of attrition, Apple will have the upper hand. I think this factor significantly disfavors transfer.

*Robocast, Inc.,* 2012 WL 628010, at * 2 (citations omitted). In the instant case, Apple has failed to identify any reasons as to why litigating in Delaware would pose unique or financial burdens on its operations. Further demonstrating the convenience of this forum, Apple has chosen to bring two patent infringement cases in this District in the past four years.[3] Given Apple's physical and financial condition, Apple's failure to identify *any* unique or unusual burdens, financial or otherwise, that litigating in Delaware would impose on its operations, and the fact that this forum is convenient for Smart Audio, this factor weighs strongly against transfer. *See, e.g., Apple, Inc., v. High Tech Computer Corp.,* Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446, at *3 (D. Del. Jan. 14, 2011) (denying a motion to transfer venue noting the defendant's failure to demonstrate a specific physical or financial condition that would make litigating against Apple in Delaware burdensome).

## 5.   Convenience of the Witnesses

Under *Jumara,* the convenience of witnesses is only to be considered to the extent that a witness would be unavailable for trial in the forum. *Jumara,* 55 F.3d at 879; *Tessera, Inc.,* 2012 WL 1107706, at *5. "Party witnesses are *not* considered part of this analysis because party witnesses are presumed to be willing to testify at trial no matter the inconvenience." *Tessera, Inc.,* 2012 WL 1107706, at *5. (citing *Intellectual Ventures,* 2012 WL 297720, at *9). The only

---

[3] *See, e.g., Apple, Inc., v. High Tech Computer Corp.,* Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446 (D. Del. Jan. 14, 2011); *see also* Cause No. 1:11-cv-00611-CVS: *Apple, Inc. v. HTC Corp.* and Cause No. 1:08-cv-00283: *Apple, Inc. v. Atico Int'l USA, Inc., et al.*

witnesses considered in this analysis are non-party witnesses outside of the Court's subpeona power. *Tessera, Inc.*, 2012 WL 1107706, at *5 (citing *Pub. Util. Serv. Corp. v. Leggett & Platt, Inc.,* No. 08–1860, 2008 WL 4610241, at *4 (E.D. Pa. Oct.16, 2008)). "In weighing this factor, courts also assess the importance of the witness and whether the witness possesses relevant, non-cumulative information." *Id.* (citing *Falu–Rodriguez v. Democracia USA, Inc.,* No. 10–3811, 2011 WL 31400, at *3 (E.D. Pa. Jan. 5, 2011)).

The defendant bears the burden of showing both the unavailability of a particular witness and that witness' importance to the defendant's case. *Tessera, Inc.*, 2012 WL 1107706, at *6. "With respect to the former, while a showing that a non-party witness is outside the Court's subpoena power is a necessary predicate for, and supports, a finding of unavailability, courts have recognized that third-party fact witnesses may voluntarily be willing to appear at trial and that a particularized assessment of a witness' availability is appropriate." *Id.* (citing *Intellectual Ventures*, 2012 WL 297720, at *11). It should be noted that for cases that actually get to trial, only a handful of witnesses testify live. *Everglades Interactive*, 2011 WL 2294075, at *3. Additionally, this Court has held that a flight to Delaware is not an onerous task for a third-party witness that warrants transfer. *See Carl Zeiss Meditec, Inc. v. Optovue, Inc.*, No. 10-084-GMS, 2011 WL 1419714, at *3 (D. Del. Apr. 13, 2011).

Apple has identified former Apple employees, the inventors of the '163 Patent, and former assignees of the '163 Patent as potential third-party witnesses in this case. (D.I. 11, p. 12). However, Apple has failed to offer any showing that any of these potential witnesses would be unwilling or unavailable to attend trial in Delaware. In fact, despite what Apple argues, Delaware is the *more convenient* forum for several of these witnesses identified by Apple. Almost all of the inventors reside in Indiana. The distances from where these inventors are

located to the District of Delaware is substantially less than the distance from Indiana to the Northern District of California.  (Decl. of Brian E. Farnan, Ex. 7; Decl. of Brian E. Farnan, ¶ 9). Similarly, Jimmy Funke, the attorney who prosecuted the '163 Patent, resides in Troy, Michigan. The distance from Troy to the District of Delaware is even less than the distance from Indiana to the Northern District of California.  (Decl. of Brian E. Farnan, Ex. 8).  Traveling to California for trial would be much more of an inconvenience to these third-party witnesses than having to make a short trip to Delaware.  (Decl. of Brian E. Farnan, Exhibits 7-8).  In terms of deposing witnesses, Smart Audio and Apple will more than likely reach an agreement on the location of any third-party depositions.  *See, e.g., Academisch Ziekenhuis Leiden*, 2011 WL 864911, at *5 ("And this Court trusts that the parties can reach agreement on the location of depositions of employees located in Georgia, as well as the inventor, who is in the Netherlands.")  Given the proximity of these witnesses to the District of Delaware, the convenience of the witnesses strongly weighs against a transfer of this action.

### 6.   The Location of Books and Records

Third Circuit law is clear that the location of books and records is only material to the extent that the files could not be produced in Delaware.  *See Jumara*, 55 F.3d at 879; *Tessera, Inc.*, 2012 WL 1107706, at *8; *Robocast, Inc.*, 2012 WL 628010, at *3; *Xoft, Inc.*, 2010 WL 4024603, at *10.  While Courts should not ignore this factor entirely, "it is often irrelevant today because of 'recent technological advances' that enable the documents at issue in the litigation to be readily produced in even a distant forum."  *Tessera, Inc.*, 2012 WL 1107706, at *8 (citing *Intellectual Ventures*, 2012 WL 297720, at *11).  In the instant case, Apple has "not identified any particular piece of evidence or document that would be especially difficult to transport to Delaware." *Cypress Semiconductor*, 2001 WL 1617186, at *4.  In fact, as this Court previously

noted when denying a motion to transfer venue, "[i]n this electronic age, there are no substantial burdens associated with discovery or witness availability that support the need for transfer. With respect to discovery, documents generally are stored, transferred and reviewed electronically." *NETGEAR, Inc. v. Ruckus Wireless, Inc.*, No. 10-999-SLR, 2011 WL 3236043, at *4 (D. Del. July 28, 2011). Additionally, for cases that get to trial, only a very small portion of those documents produced in discovery are used as trial exhibits. *Everglades Interactive, LLC*, 2011 WL 2294075, at *3.

Apple has not offered any evidence suggesting that books and records could not be produced in Delaware and cannot establish that this factor strongly weighs in favor of a transfer. As such, this factor is, at best, neutral.

## C.   The Public Interest Factors Strongly Weigh Against Transfer

### 1.   Enforceability of the Judgment

Smart Audio contends that any judgment rendered in this case would be enforceable in either the District of Delaware or the Northern District of California. As such, this factor is neutral. *See, e.g., Intellectual Ventures*, 2012 WL 297720, at *13.

### 2.   Practical Considerations

For purposes of a transfer analysis, practical considerations are those considerations which "make trial easy, expeditious or inexpensive." *Jumara*, 55 F.3d at 879. The Federal Circuit has held that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (rejecting mandamus relief, and concluding that the district court's decision was based on the rational argument that the interests of judicial economy are served by having the same district court try cases involving the

same patents).  Citing Supreme Court precedent, the Federal Circuit went on to explain that allowing two cases that involve the same issues to proceed simultaneously in two different districts "'leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.'"  *Id.* (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)).

In the instant case, there are four additional lawsuits pending in this District involving the '163 Patent and devices alleged to infringe the '163 Patent in a manner similar, or identical, to the way the iPod nano infringes the '163 Patent.  (Decl. of Brian E. Farnan, ¶¶ 10-14; Decl. of Brian E. Farnan, Exhibits 2-5).  The Defendants in these other lawsuits include a Delaware corporation and a Delaware limited liability company.  (Decl. of Brian E. Farnan, ¶¶ 10-13; Decl. of Brian E. Farnan, Ex. 6).  All of these cases will require the Court to construe the '163 Patent to resolve Smart Audio's claims in these cases.  Having all five of these lawsuits resolved by this Court will undoubtedly preserve time and resources, and the litigation of these suits in one forum will reduce both the risk of inconsistent constructions of the '163 Patent and the risk of inconsistent verdicts that may result if this action were to be transferred.  There is nothing cost-effective or efficient in requiring the '163 Patent to be litigated in two different fora and this factor weighs strongly against transfer.  *See Apple, Inc.*, 2011 WL 143909, at *2 (noting that "some common issues of law and fact exist among this case and the four other smart phone infringement actions pending before this court, [and therefore], [i]t would better serve the interests of justice and the efficient use of court resources if these issues were addressed by the same court").  As such, this factor overwhelmingly weighs against transfer.

### 3.  **Court Congestion**

As part of the transfer analysis, a Court may consider the administrative difficulty in the two fora resulting from court congestion.  *Jumara*, 55 F.3d at 879.  Delaware Courts, however,

have not been persuaded that any disparities in court congestion favor a transfer. *See, e.g.,* *Intellectual Ventures*, 2012 WL 297720, at *12 ("Particularly given that this Court – for the first time in nearly five years – no longer has a judicial vacancy, the Court is not persuaded that administrative difficulties due to court congestion favor transfer."); *Textron Innovations, Inc. v. The Toro Co.,* No. 05-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."). As such, this factor is neutral.

### 4.   Local Interest in the Controversy

In patent litigation, the local interest factor is typically neutral "because patent issues do not give rise to a local controversy or implicate local interests." *Intellectual Ventures*, 2012 WL 297720, at *13 (citing *TriStrata Tech., Inc. v. Emulgen Labs., Inc.,* 537 F.Supp.2d 635, 643 (D. Del. 2008); *In re Hoffmann–La Roche Inc.,* 587 F.3d 1333, 1338 (Fed. Cir. 2009); *Praxair Inc. v. ATMI, Inc.,* No. 03-1158-SLR, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004)); *see Cellectis,* 2012 WL 1556489, at *7. Apple contends that the Northern District of California has a substantial interest in litigating this dispute as Apple is one of California's largest companies and its headquarters, as well as thousands of its employees, are located in the Northern District. The fact that Apple is a large California company, however, does not make the claim that Apple is infringing the patent of a Texas company (Smart Audio) with a principal place of business in Texas into a California controversy. *See, e.g., Robocast, Inc.,* 2012 WL 628010, at *4 ("Apple is a major employer in the Northern District of California, but I do not think that makes the claim that Apple is infringing the patent of a Delaware company with a principal place of business in New York into a local California controversy."). This case does not involve a local California

controversy and, as such, this factor is neutral at best. *See Robocast, Inc.*, 2012 WL 628010, at *4.

5. **Public Policies of the Fora**

Apple has not raised public policy concerns regarding the transfer in this case. There appear to be no significant public policy differences between the District of Delaware and the District of California. *See, e.g., Personalized User Model LLP v. Google, Inc.*, No. 09-525-JJF, 2009 WL 3460767, at *2 (D. Del. Oct. 27, 2009); *Magsil Corp. v. Seagate Technology*, No. 08-940, 2009 WL 1259043, at *2 (D. Del. Apr. 30, 2009). As such, Smart Audio argues that this factor is, at best, neutral to transfer.

6. **The Court's Familiarity of Relevant State Law In Diversity Cases**

This is not a diversity case. Patent claims are governed by federal law, and both this Court and the Northern District of California are capable of applying patent law to infringement claims. *Intellectual Ventures*, 2012 WL 297720, at *13 (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (internal quotations omitted)). As such, this factor is neutral. *Id.*

## V.   CONCLUSION

Under Third Circuit law, both the private interest factors and the public interest factors in this case weigh strongly, if not overwhelmingly, against transfer, especially in light of the four additional cases pending in this District that involve the same patent and issues involved in this case. Because Apple has not demonstrated that the balance of the factors strongly favors disturbing Smart Audio's choice of forum, Apple's Motion to Transfer should be denied.

Respectfully submitted,

FARNAN LLP

*/s/* Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 – *telephone*
(302) 777-0301 – *facsimile*
bfarnan@farnanlaw.com

Steven M. Geiszler (admitted *pro hac vice*)
Jaspal S. Hare (admitted *pro hac vice*)
SNR Denton US LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214) 259-0900 – *telephone*
(214) 259-0910 – *facsimile*
steven.geiszler@snrdenton.com
jaspal.hare@snrdenton.com

**ATTORNEYS FOR PLAINTIFF**