**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SMART AUDIO TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.<br><br>    Defendant. | Civil Action No. 12-cv-134-GMS<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
<u>TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

Dated: June 7, 2012

William J. Marsden, Jr. (#2247)
Susan M. Coletti (#4690)
**FISH & RICHARDSON P.C.**
22 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19801
Email: marsden@fr.com, coletti@fr.com
Telephone: (302) 652-0607
Fax: (302) 652-0607

Ruffin B. Cordell (04820550)
cordell@fr.com
1425 K Street, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Fax: (202) 783-2331

Benjamin C. Elacqua (24055443)
elacqua@fr.com
Michael R. Rueckheim (4645628)
rueckheim@fr.com
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Fax: (713) 652-0109

*Attorneys for Defendant Apple Inc.*

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.    ARGUMENT..........................................................................................................2

    A.    Smart Audio Can Afford to Litigate in California...................................2

    B.    Smart Audio Overstates the Weight Afforded to Its Choice of Venue...................................................................................................4

    C.    Apple's Preferred Forum and the Location of Books and Records ....................................................................................................7

    D.    Where the Claims Arose ...........................................................................7

    E.    Convenience of the Parties........................................................................7

    F.    Convenience of the Witnesses ..................................................................8

    G.    Practical Considerations............................................................................8

III.    CONCLUSION......................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*,
    No. 10-1127, 2011 WL 864911 (D.Del. Mar. 9, 2011) ............................................................5

*Apple, Inc. v. Atico Int'l USA, Inc.*
    1:2008cv00283, D.I. 1 at ¶ 3 (D. Del.) ...................................................................................6

*Apple, Inc., v. High Tech Computer Corp.*,
    Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446 (D. Del. Jan. 14, 2011) .........................6

*Carl Zeiss Meditec, Inc. v. Xoft, Inc.*,
    No.10-308-CPS-MPT, 2010 WL 4024603 (D. Del. Oct. 13, 2010) ........................................5

*Cellectis, S.A. v. Precision Biosciences, Inc.*,
    --- F.Supp.2d ---, No. 11-173-SLR, 2012 WL 1556489 (D. Del. May 3, 2012) ....................5

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
    No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ...............................................5

*Everglades Interactive, LLC v. Playdom, Inc.*,
    No. 10-902-SLR, 2011 WL 2294075 (D. Del. June 8, 2011).................................................5

*Hall v. Aqua Queen Mfg., Inc.*,
    Nos. 96-1014 to 96-1021, 93 F.3d 1548 (Fed. Cir. 1996) .......................................................3

*Hertz Corp. v. Friend*,
    130 S. Ct. 1181, 1195 (2010)..................................................................................................7

*Intellectual Ventures I LLC v. Altera Corp.*,
    --- F.Supp.2d ---, 2012 WL 297720, at *1 (D. Del. Jan. 24, 2012) ....................................5, 7

*In re ML-Lee Acquisition Fund IL L.P.*,
    816 F. Supp. 973 (D. Del. 1993).............................................................................................5

*In re EMC Corp.*,
    Misc. No. 100, 2012 WL 1563920, *6-8 (Fed. Cir. 2012) ..................................................6, 9

*In re Link_A_Media*
    662 F.3d 1221, 1223 (Fed. Cir. 2011).................................................................................4, 7

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)...............................................................................................7

*Mekiki Co., Ltd., v. Facebook, Inc.*,
    No. 09-745 (JAP), 2010 WL 2348740.....................................................................................7

*Pennwalt Corp. v. Purex Indus., Inc.*,
    No. 86-171 MMS, 659 F. Supp. 287 (D. Del. 1986) ....................................................... 5, 6, 8

*Piper Aircraft Co. v. Reyno*,
    Nos. 80-848, 80-883, 454 U.S. 235 (U.S. 1981) ....................................................................5

*Robocast, Inc. v. Apple, Inc.*,
    Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010 (D. Del. Feb. 24, 2012) ...................... 6

*Shutte v. Armco Steel Corp.*,
    No. 18753, 431 F.2d 22 (3d Cir. 1970) .................................................................................. 5

*Signal Tech, LLC v. Analog Devices, Inc.*,
    No. 11-1073-RGA, 2012 WL 1134723 ............................................................................. 4, 9

*Simms v. Thomson Reuters Tax and Accounting, Inc.*,
    No. 10-904-LPS, 2011WL 4501225, at *1 (D. Del. Sept. 28, 2011) ..................................... 5

*Taurus IP, LLC v. Daimler Chrysler Corp.*,
    559 F. Supp. 2d 947 (W.D. WI 2008) ............................................................................ 2, 3, 7

*Tessera, Inc. v. Sony Electronics Inc.*,
    No. 10-838 (RMB)(KW), 2012 WL 1107706 (D. Del. Mar. 30, 2012) .................................. 5

**STATUTES**

35 U.S.C. § 299(b) ....................................................................................................................... 6

29 U.S.C. § 299(b) ....................................................................................................................... 9

I. **INTRODUCTION**

In its responsive brief, Smart Audio relies heavily on its assertion that it is a "very small company that had no revenue or net income in 2011" (*e.g.*, D.I. 15 at p. 7), arguing that it is unable to afford litigation in California. In reality, Smart Audio's manager and agent, Audrey Spangenberg, controls numerous "non-practicing entities" that have sued ***hundreds*** of defendants ***around the country*** and generated ***millions*** in settlement revenues. Indeed, these entities have been involved in California litigations and have sued Apple outside of Delaware. Some details of Ms. Spangenberg's litigiousness[1] are provided herein. Further, Smart Audio's attorneys are based in Texas, and would incur travel costs to either Delaware or California.

Smart Audio also overstates Delaware law as supporting its transfer arguments. Smart Audio ignores the Federal Circuit's recent decision in *Link_A_Media,* which granted transfer under weaker facts, as one of the parties there was incorporated in Delaware. Here, neither party has ties to Delaware. Instead, Smart Audio actually has strong ties to California, as one of its only two identified employees is located in California.[2] Smart Audio has not identified ***any*** witnesses or evidence in Delaware. Additionally, the non-party affidavits submitted by Smart Audio should be given little weight, as the affiants did not state they are unwilling to attend trial in California, and would have to fly hundreds of miles to either forum.

Finally, the co-pendency of other litigations should be given no weight as Smart Audio is essentially asking the Court to adopt a standard where transfer should be denied based merely

---

[1] For at least these reasons, the statements from the Declaration of Audrey Spangenberg submitted in support of Smart Audio's responsive brief are suspicious. *See* D.I. 16-9 at ¶ 4 and 6 (alleging that Smart Audio has not initiated any suits outside of Delaware and that Smart Audio has no employees or net income).

[2] *See* Second Declaration of Susan M. Coletti in Support of Apple Inc.'s Motion to Transfer Venue to the Northern District of California, submitted herewith ("Second Coletti Declaration"), Exhibit 6 at page 5 (identifying Fiona Chaney as Smart Audio's manager). Smart Audio does not dispute that Ms. Chaney lives in California.

upon a party choosing to file multiple separate lawsuits. This type of venue manipulation is disfavored. Additionally, these type of judicial economy arguments are speculative when a litigation is in an early stage, and in light of recent precedent holding that patent claims against independently developed products by independent defendants are not "reasonably-related" enough even for a proper joinder analysis.

## II.   ARGUMENT

### A.   Smart Audio Can Afford to Litigate in California

Smart Audio's argument that it is a small company that cannot afford to litigate in California is wrong. Audrey Spangenberg, one of Smart Audio's managers and agent,[3] owns 99% of Acclaim Financial Group which through a hierarchical structure owns IP Navigation, LLC, and several other patent holding shell-LLCs.[4]  IP Navigation was the first party in this case to contact Apple with Smart Audio's infringement allegations.[5]

Over the last few years, the Spangenberg shell-LLCs, like Smart Audio, have sued more than 400 defendants and generated more than $72 million in settlement revenues.[6]  This litigation has resulted in enormous personal wealth for the Spangenberg family.[7]  Mr. Spangenberg has admitted that he incorporates these shell-LLCs in various states for jurisdictional purposes.[8]  At least one Court has found that the Spangenbergs have even "transferred [a] patent to a newly formed Wisconsin company to file a new lawsuit against the same defendants [that previously

---

[3] *See* D.I. 16-9 at ¶ 2; *see* Second Coletti Declaration, Exhibit 7.
[4] *See, e.g.*, *Taurus IP, LLC v. Daimler Chrysler Corp.*, 559 F. Supp. 2d 947, 952-956 (W.D. WI 2008) (Wisconsin decision discussing some of these Spangenberg shell-LLCs).
[5] *See* Second Coletti Declaration at ¶¶ 5-6.
[6] *See Taurus IP*, 559 F.Supp. 2d at 958 (One Spangenberg-entity has been a party to approximately 100 litigation settlements, generating $72.3 million in revenues).
[7] *See, e.g.,* Second Coletti Declaration, Ex. 8 at pp. 2-3 (Article interviewing Audrey Spangenberg's husband, Erich, describing being a "patent troll" as economically right"); *see also* Second Coletti Declaration, Ex. 9 at pp. 5-6 (article describing how the Spangenberg family's litigiousness allows them to own an $11+ million property).
[8] *See Taurus IP*, 559 F.Supp. 2d at 960-961.

settled a litigation on that patent in a different state]."[9] Moreover, it is likely that counsel for Smart Audio is handling this case on a contingency basis,[10] making Smart Audio's revenue irrelevant to the transfer analysis.[11]

Apple has requested venue discovery from Smart Audio to further develop these facts. Smart Audio initially indicated that it would be willing to provide Apple with venue discovery.[12] After Apple provided Smart Audio with a specific list of document requests, however, Smart Audio reneged, calling Apple's requested discovery a "fishing expedition."[13] Rather than being a fishing expedition, Apple's discovery largely requested documents that Apple will request during fact discovery in the case, including documents related to Smart Audio's financials and ownership structure, agreements between Smart Audio and third parties, documents related to the ownership and assignment of the patents, and documents related to prior settlement agreements on the asserted patent.[14] The remaining document requests go directly to Smart Audio's claim that it cannot afford litigation in California.[15] Even without the requested venue discovery, however, and as set forth above, publicly available information indicates that Smart Audio's contention that it cannot afford to litigate the case in California is without merit. If the Court is inclined to deny the present motion or would otherwise find supplemental briefing helpful, Apple

---

[9] *Id*. *Taurus IP* also discusses other bad facts that diminish the credibility of Smart Audio's present suit: Spangenberg shell-LLCs have "use[d] the court to bully settlement on baseless claims [which the Court found was] an abuse of the judicial system" (*Id.* at 960-961) and have been sanctioned for witness tampering (*Id.* at 957-958).

[10] On June 3, 2012, counsel for Apple asked counsel for Smart Audio whether the case is being handled on a contingency basis -- Smart Audio refused to answer.

[11] *See, e.g., Hall v. Aqua Queen Mfg., Inc.*, Nos. 96-1014 to 96-1021, 93 F.3d 1548, 1554 (Fed. Cir. 1996) (observing that alleged poverty is no excuse when there is "a lawyer willing to represent [plaintiff] in an infringement suit on a contingency fee basis") (analyzing a laches claim).

[12] Second Coletti Declaration, ¶ 10.

[13] *Id*. at ¶ 10; *id*. at Ex. 11.

[14] *Id*. at Ex. 11.

[15] *Id*.

3

requests that the Court grant it leave to take venue discovery and submit a supplemental brief with the information gained during that discovery.

        **B.**     **Smart Audio Overstates the Weight Afforded to Its Choice of Venue**

The facts of this case relating to the location of the parties, relevant facts, and likely witnesses are uncontested. It is undisputed that Smart Audio is a Texas corporation with a principal place of business in Texas, and has no business operations or other ties to Delaware. Smart Audio also does not dispute that one of its only identified employees lives in California.[16] It is further undisputed that Apple is a California corporation, the accused product was developed in California, and all of the likely witnesses and evidence related to the accused product are located in California. Finally, neither party disputes that the only non-party witnesses that have been identified reside outside the subpoena power of either court.

Smart Audio fails to recognize recent holdings transferring cases when neither side has any connection to the forum. *See, e.g., Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, 2012 WL 1134723, *5 (D. Del. April 3, 2012) (plaintiff's choice of forum "is not entitled to "paramount" consideration" when the "only connection to Delaware … is that it is plaintiff's choice of forum" and where plaintiff is not a Delaware corporation); *see Link_A_Media*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (cautioning against placing "too much weight on [a non-Delaware] plaintiff's choice of forum"). Instead, Smart Audio cites a string of cases at pages 5-7 of its brief that it asserts support deference to its arbitrary choice of venue. Each of those cases, however, is inapposite. In all but one of the cases, the plaintiff, the defendant, or both were

---

[16] *See* Second Coletti Declaration, Exhibit 6 at p. 5(identifying Fiona Chaney as Smart Audio's manager); *see* Declaration of Susan Coletti (D.I. 12) at Exhibit 2 (identifying Fiona Chaney's address in California).

individual or corporate citizens of Delaware.[17] In *Piper Aircraft Co. v. Reyno*, Nos. 80-848, 80-883, 454 U.S. 235 (U.S. 1981), the Court transferred venue to a different forum finding that "plaintiff's choice of forum was entitled to little weight" as it was not a resident of Delaware and filed suit in this district to take advantage of its laws. *Id.* at 242. Thus, none of the cases cited by Smart Audio support its position. To the contrary, those cases support transfer of this case.

Additionally, Smart Audio's argument that its choice to litigate in Delaware was rational and legitimate because it wanted to avoid Apple's home turf should be rejected. Indeed, Smart Audio is essentially arguing that when a plaintiff chooses ***any*** venue other than the defendant's home turf, that choice should be considered "rational and legitimate." Such an argument is contrary to law, and to the slew of cases Smart Audio cited, where deference was given to plaintiff's legitimate choice of forum in the state where defendants were incorporated.

Moreover, Smart Audio's arguments regarding party convenience do not support giving deference to its choice of venue. The four pending cases cannot be joined or consolidated for

---

[17] *See Tessera, Inc. v. Sony Electronics Inc.*, No. 10-838 (RMB)(KW), 2012 WL 1107706, at *1 (D. Del. Mar. 30, 2012) (plaintiff and two defendants were Delaware corporations); *Shutte v. Armco Steel Corp.*, No. 18753, 431 F.2d 22, 24 (3d Cir. 1970) (individual plaintiff lived in Delaware); *Cellectis, S.A. v. Precision Biosciences, Inc.*, --- F.Supp.2d ---, No. 11-173-SLR, 2012 WL 1556489, at *1 (D. Del. May 3, 2012) (defendant was a Delaware Corporation); *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No.10-308-CPS-MPT, 2010 WL 4024603, at *1 (D. Del. Oct. 13, 2010) (defendant was a Delaware corporation); *Intellectual Ventures I LLC v. Altera Corp.*, --- F.Supp.2d ---, 2012 WL 297720, at *1 (D. Del. Jan. 24, 2012) (every party was incorporated in Delaware); *In re ML-Lee Acquisition Fund IL L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (majority of defendants were Delaware corporations); *Everglades Interactive, LLC v. Playdom, Inc.*, No. 10-902-SLR, 2011 WL 2294075, at *3 (D. Del. June 8, 2011) (all defendants incorporated in Delaware); *Simms v. Thomson Reuters Tax and Accounting, Inc.*, No. 10-904-LPS, 2011WL 4501225, at *1 (D. Del. Sept. 28, 2011) (plaintiff was resident of Delaware); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, No. 01-199-SLR, 2001 WL 1617186, at *1 (D. Del. Nov. 28, 2001) (plaintiffs were Delaware corporations); *Academisch Ziekenhuis Leiden v. Cardiomems, Inc.*, No. 10-1127, 2011 WL 864911, at *1 (D.Del. Mar. 9, 2011) (defendant was incorporated in Delaware); *Pennwalt Corp. v. Purex Indus., Inc.*, No. 86-171 MMS, 659 F. Supp. 287, 289-90 (D. Del. 1986) (transfer was granted, even though defendant was a Delaware corporation and plaintiff was a Pennsylvania corporation).

5

trial[18] so there can be no "inconvenience of splintering off this action." Moreover, Smart Audio's convenience arguments are strained due to Smart Audio being headquartered and having counsel in Texas -- a state roughly equidistant between Delaware and California.  *See Pennwalt*, 659 F. Supp. at 289-290 (plaintiff's forum choice entitled to reduced weight when plaintiff's home turf is in a distant, non-neighboring state).

Apple's other Delaware litigations are irrelevant, and Smart Audio's arguments regarding those litigations should be disregarded.  *See Robocast, Inc. v. Apple, Inc.*, Nos. 11-235-RGA, 10-1055-RGA, 2012 WL 628010, at *2, fn. 4 (D. Del. Feb. 24, 2012) (the Court "did not view Apple's decisions to sue in Delaware in other cases, or not to seek transfer from Delaware in other cases in which it was named as a defendant, as having any relevance").  Smart Audio fails to explain that the *HTC* case involved Delaware corporations and was brought in Delaware to consolidate the case with other pending actions brought by Nokia,[19] and the *Atico* case involved Delaware companies.[20]  Regardless, Apple has a legitimate reason to want the case transferred to California, where Apple is incorporated and headquartered.

Finally, Smart Audio does not dispute that its only presence in Delaware is "an artifact of litigation."  *See* D.I. 11 at 8.  Indeed, the controlling parties in interest, the Spangenbergs, have previously admitted to forming shell-LLCs around the country for "jurisdictional purposes."[21]  This type of venue manipulation is disfavored.[22]

---

[18] 35 U.S.C. § 299(b); *see also in re EMC Corp.*, Misc. No. 100, 2012 WL 1563920, *7-8 (Fed. Cir. 2012).
[19] *See Apple, Inc., v. High Tech Computer Corp.*, Nos. 10-166-GMS, 10-167-GMS, 2011 WL 124446, at *2 and fn. 3 (D. Del. Jan. 14, 2011).
[20] See *Apple, Inc. v. Atico Int'l USA, Inc.*, 1:2008cv00283, D.I. 1 at ¶ 3 (D. Del.).
[21] See *Taurus IP*, 559 F.Supp. 2d at 960-961.
[22] *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010) (urging courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation).

### C. Apple's Preferred Forum and the Location of Books and Records

Apple requests that these factors favor transfer to the maximum degree that the Court is able to afford these factors weight under the *Jumara* analysis.[23]

### D. Where the Claims Arose

The parties agree that generally for patent infringement cases, the claims can be said to relate to every district where the products are sold. However, Smart Audio ignores Apple's cited precedent that significant connections between a particular venue and events that give rise to a suit weigh this factor in favor of transfer.[24] This is true even when accused products are sold nationwide.[25] Here, Apple is incorporated and headquartered in California, the accused products were designed in California, every relevant Apple witness, technical, marketing and sales, are located in California. Even Smart Audio has more connections to California than Delaware.[26]

### E. Convenience of the Parties

As set forth above, Smart Audio's arguments regarding the financial capabilities of the parties are not credible. *See supra* at 2-3. Smart Audio's arguments regarding Apple cases in Delaware are similarly not compelling. *See supra* at 6.

Smart Audio's only other argument on party convenience -- that Smart Audio chose to litigate in Delaware -- is duplicative of another factor in the *Jumara* analysis, and thus should not be weighed in Smart Audio's favor again here. Moreover, the argument that Delaware is a

---

[23] Apple acknowledges that technological advances can typically enable documents to be produced in a distant forum. However, regardless of these advances, this factor should still be given some level of deference. *See Link_A_Media*, 662 F.3d at 1224.
[24] *See* D.I. 11 at 13-14 (paginated as pages 8-8).
[25] *See, e.g., Intellectual Ventures*, 2012 WL 297720 at *8 (finding this factor weighed in favor of transfer even when "allegedly infringing products are sold nationwide"); *see Mekiki Co., Ltd., v. Facebook, Inc.*, No. 09-745 (JAP), 2010 WL 2348740 * 3 (transferring case when accused product was Facebook).
[26] *See infra, fn. 18* (establishing that Smart Audio's manager, Fiona Chaney, lives in Los Angeles).

convenient forum for Smart Audio is inconsistent with the facts here: Smart Audio is headquartered in Texas, and has counsel in Texas, more than 1,400 miles from this District. *See Pennwalt*, 659 F. Supp. at 289 (transfer has been granted when "the chosen forum [is] far enough away from the plaintiff's "home turf" that it [is] itself somewhat inconvenient for the plaintiff").

Moreover, the convenience of litigating in California, and outside of Delaware, is evidenced by the fact that Smart Audio's counsel is currently litigating four cases in the Northern District of California; has previously litigated against Apple in Texas; and because, upon information and belief, Spangenberg shell-LLCs have brought dozens of cases outside of Delaware, including at least two cases against Apple in Texas.[27]

### F. Convenience of the Witnesses

Smart Audio has not identified any non-party witnesses that are subject to Delaware subpoena power for trial. Each of the non-party affiants submitted with Smart Audio's response lives more than 600 miles from Delaware and would therefore have to fly to either forum. Moreover, none these affiants stated that they would be unwilling or unable to travel to California for trial.

### G. Practical Considerations

Smart Audio's arguments regarding practical consideration are not dispositive for a number of reasons. First, if adopted, any plaintiff would be able to control the transfer analysis in every case simply by bringing separate suits concurrently in a District. This cannot be the proper standard, especially in light of the policy evidenced in recent judicial precedent that separately developed accused products are not "reasonably related"[28] and in light of recent

---

[27] *See* Second Coletti Declaration at ¶ 9 and Exhibit 10.
[28] *See in re EMC Corp.*, Misc. No. 100, 2012 WL 1563920, *6-8 (Fed. Cir. 2012)(analyzing motion for severance).

8

legislation that separately accused infringers cannot be joined or consolidated for trial.[29] Here, there is no dispute that different witnesses and different proof regarding the separate accused products would be required in the separate cases.

Second, this Court has held that these types of judicial economy arguments, especially when a case is in its early stages, are extremely speculative, given the number of cases that settle.[30] Moreover, a Court's consideration of arguments made by separate defendants in separate cases risks unfairly prejudicing Apple's ability to present its own independent arguments in this case.[31] Third, this is a simple case, involving one patent and one accused product -- not the type of complex case that is likely going to demand a substantial amount of time or resources of any Court. Finally, Smart Audio has no ties to Delaware, but like Apple, Smart Audio does have strong ties to California. Clearly, trial would be more practical even for Smart Audio in the state where at least half of its employees reside.

## III. CONCLUSION

For at least these reasons and the reasons set forth in Apple's opening brief, Apple requests that the case be transferred to the Northern District of California. Apple is currently seeking venue discovery from Smart Audio regarding its claims that it is a small company that would be prejudiced by transfer, and may find it necessary to seek a Court Order granting it such venue discovery to the extent Smart Audio does not agree to such discovery. Should the Court be inclined to deny this motion, Apple requests that the Court permit it to submit a supplemental brief setting forth the additional evidence that it obtained from that venue discovery.

---

[29] *See* 29 U.S.C. § 299(b).
[30] *See Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, 2012 WL 1134723, * 4 (D. Del April 3, 2012).
[31] *See id.* at * 11, fn. 3.

9

Dated: June 7, 2012 **FISH & RICHARDSON P.C.**

By: */s/ Susan Coletti*
 William J. Marsden, Jr. (# 2247)
 Susan M. Coletti (#4690)
 22 Delaware Avenue, 17th Floor
 P.O. Box 1114
 Wilmington, DE 19801
 Telephone: (302) 652-0607
 marsden@fr.com
 coletti@fr.com

 Benjamin C. Elacqua
 Michael R. Rueckheim
 **FISH & RICHARDSON P.C.**
 1221 McKinney Street, Suite 2800
 Houston, TX 77010
 Telephone: (713) 654-5300
 elacqua@fr.com
 rueckheim@fr.com

 Ruffin B. Cordell
 **FISH & RICHARDSON P.C.**
 1425 K Street, NW, 11th Floor
 Washington, DC 20005
 Telephone: (202) 783-5070
 cordell@fr.com

*Attorneys for Apple Inc.*