IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMART AUDIO TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.<br><br>    Defendant. | Civil Action No. 12-cv-134-GMS<br><br>**JURY TRIAL DEMANDED** |

SECOND DECLARATION OF SUSAN COLETTI
IN SUPPORT OF APPLE INC.'S MOTION
TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

I, Susan Coletti, declare as follows:

1.      I am an attorney licensed to practice law in the State of Delaware and I am admitted in the District of Delaware. I am an attorney at the law firm of Fish & Richardson P.C., counsel for Defendant Apple Inc. ("Apple") in this case and one of the attorneys responsible for working on this case. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      I previously submitted a declaration in support of Apple's motion to transfer venue to the Northern District of California, D.I. 12.

3.      In my previous declaration, I stated "Attached hereto as Exhibit 6 is a true and correct copy of the '163 Patent Assignment from Delphi Technologies, Inc. to Smart Audio Technologies, LLC." D.I. 12 at ¶ 7. However this "Exhibit 6" was inadvertently not filed with my previous declaration. To correct this mistake, I am attaching hereto as Exhibit 6 a true and correct copy of the '163 Patent Assignment from Delphi Technologies, Inc. to Smart Audio

Technologies, LLC.  This mistake was not made with deceptive intent, and upon information and belief, Smart Audio was not prejudiced by this mistake.

4. Additionally, attached hereto as Exhibit 7 is a true and correct copy of the Texas Franchise Tax Certification of Account status, downloaded on June 1, 2012 from https://ourcpa.cpa.state.tx.us/coa/servlet/cpa.app.coa.CoaGetTp?Pg=tpid&Search_Nm=smart%20audio%20&Button=search&Search_ID=32044732330, identifying Audrey Spangenberg as Smart Audio's registered agent.

5. Upon information and belief, in March of 2012, IP Navigation Group contacted Apple to have a licensing discussion regarding the asserted patent.  While I was not present at that meeting, the correspondence relating to scheduling the meeting was with IP Navigation Group, and the materials presented during the meeting have IP Navigation Group's name or logo on every page.

6. Upon information and belief, IP Navigation Group is owned by Audrey Spangenberg's husband, Erich.  Mr. Spangenberg's public LinkedIn profile indicates that he is the "Owner at IP Navigation Group."

7. Attached hereto as Exhibit 8 is a true and correct copy of an article by GOOD Worldwide, LLC, titled "The Patent Troll", downloaded on June 1, 2012 from http://www.good.is/post/the-patent-troll/.  This article interviews Audrey Spangenberg's husband, Erich.

8. Attached hereto as Exhibit 9 is a true and correct copy of an article by D Magazine, titled "The 100 Most Expensive Homes in Dallas 2009", downloaded on June 1, 2012 from http://www.dmagazine.com/Home/2009/07/01/The_100_Most_Expensive_Homes_in_Dallas.aspx.  The Spangenbergs are discussed on pp. 5-6.

9.      Attached hereto as Exhibit 10 is a copy of an Excel spreadsheet compiled by Fish & Richardson that, upon information and belief, identifies at least some litigations brought by, or otherwise involving, companies controlled by the Spangenberg family. Rows 48-57, 84-87, 89-130, 140-151, and 158-217 identify litigations outside of Delaware. Rows 44-45, 86-87 and 90 identify litigations in California. Rows 16, 18, 40, 65, 79, 89, and 202 identify cases that involved Apple.

10.     On May 24, 2012, I attempted to contact counsel for Smart Audio via telephone, and on May 25, 2012, I sent counsel for Smart Audio an email explaining that Apple wanted to take venue discovery of Smart Audio. On May 30, 2012, I spoke to counsel for Smart Audio via telephone regarding Apple's proposed venue discovery. On that call, Smart Audio's counsel informed me that Smart Audio was not opposed to Apple taking venue discovery, but that Smart Audio wanted to take venue discovery of Apple as well. After Apple sent Smart Audio its proposed discovery requests, however, Smart Audio reneged, and has now refused to provide Apple with venue discovery. Attached hereto as Exhibit 11 is a true and correct copy of the relevant email correspondence between counsel for Smart Audio, Brian Farnan, and me, which includes Apple's venue discovery requests.

I declare under penalty of perjury under the laws of the United States of America that upon information and belief the foregoing is true and correct. Executed at Wilmington, Delaware, this 1st day of June, 2012.

/s/ Susan M. Coletti
Susan M. Coletti (#4690)